Per Curiam.

The first point comes within the decision of this court, in the case of Jackson, ex dem. Cooder and others v. Wood. (See 1 Johns. Cas. 163.) It was decided in that case, that a devise to the husband, in a will to which the wife was a subscribing witness, was void ■ by the statute equally as if the husband himself had attested the will; and that this arose from the unity of husband and wife, who were regarded in law as one person; and a devise to the one i was considered, in respect to the competency to attest, as a *devise to the other. The devise to the husband being void, the wife was held to be a competent witness.
So, in the present case, the devise to Martha, the niece, her husband being a witness, is void, and her husband a competent witness to the will, which is valid as to all its other dispositions.
The only real question, then, in the present case is, whether, upon the just construction of the will, Thomas Durland had a vested interest before he arrived at full age, so as to prevent the existence of any interim estate.
Putting out of view the devise to Martha, the niece, the will contains a devise of the premises to the widow for life; and then a devise of the same to Thomas, in fee, with a remainder over, in case he should not live to be of age. This is obviously creating a vested remainder in Thomas, and if the will had stopped here, there could be no room to doubt. The only difficulty that can arise is upon that clause of the will containing the devise to the niece of the use of the land, after the death of the widow, until Thomas should be of age to take possession ; by which it would seem to be the intent of the testator that Thomas should not take possession until he was of age. If that intent be manifest, and is to govern, then, as no valid disposition has been made in the mean time, the estate must descend to the heirs until the contingency happens. (2 Mod. 292. Cro. Eliz. 878. Cases temp. Talbot, 51, 52.) But this case is analogous to those of Haywood *316 v. Whitby, and Weedon v. Lea. (1 Burr. 228. 3 Term Rep. 41. 1 Eq. Cases Abr. 195.) There is not a condition precedent resting ih contingency, but an absolute interest vested in Thomas; and the will only denotes the time when the remainder is to take effect in possession. (Willes’s Rep. 293, 301.) The devise to the niece was an exception out of the absolute property devised to Thomas.
In the case of Haywood v. Whitby, (1 Burr. 233,) Lord Mansfield said it was a general rule, that where the *who!e property was devised, with a particular interest given out of it, it operates by way of exception out of the absolute property; and that where an absolute property is given, and a particular interest is given, in the mean time, as until the devisee shall come of age, this should not operate as a condition precedent, but as a description of the time when the remainder-man is to take possession. The rule in the construction of these conditional limitations, as laid down by Lord Hardwicke, (1 Yesey, 422 ; 2 Bro. C. C, 396, 397,) is the just and prevalent one; that if the precedent limitation (ns in the present instance, the devise to the niece) is out of the case, by what means soever, the subsequent limitation takes place. This rule was adopted by Lord Thurlow, in the case of Doe v. Brebant. (3 Bro. C. C. 397.) Here the devise to the niece failed. Thomas had a vested interest in possession on the death of the widow, and the intent of the testator was merely to provide that the mother of Thomas should be trustee, to take the profits after the death of his wife, and until Thomas was of age to take possession, and enjoy and act for 'himself. Thomas was the object of the testator’s bequest, and he never meant that the remainder should be contingent until he came of age, so that if he married in the mean time and died, his children could not inherit. We are of opinion, therefore, that the whole legal estate vested in Thomas on the death of the widow, and that the heirs at law have no title to the premises.
Judgment for the defendant.(a)

(a) See 1 R. S. of New York, 1st ed. 723. 4 Kent’s Comm. 202, ef seg. Dingley v. Dingley, 5 Mass. 535. Burton on Real Property, 249.