JOHN WINSLOW *versus* JEREMIAH KIMBALL, *Ex'r.*

Statutes are to receive such a construction as must evidently have been intended by the legislature; and to ascertain this, the Court, called upon to give the construction, may look to the object in view; the remedy intended to be afforded; and to the mischief intended to be remedied.

Where the wife of a legatee named in a will is one of the three subscribing witnesses thereto, the devise to the husband is void, and the wife is a competent witness to the will, under the provisions of the fifth section of Rev. Stat. c. 92.

On November 21, 1844, Andrew G. Winslow made his last will and testament, wherein he directed, that the principal portion of his estate should be divided into three equal parts, and that his brother, John Winslow, who now contests the validity of the will, should have one part, and that his friends, Jeremiah Kimball and Edward Wheeler, Jr., who were made executors, should also each have a third. The testator died in December, 1844, and in Feb. 1845, the will was approved and allowed by the judge of probate. John Winslow appealed from that de-

cree. One of the three subscribing witnesses to the will was, at the time, the wife of Edward Wheeler, Jr. one of the legatees. Upon the death of the testator, Wheeler declined to act as executor, and released all his claim under the will to Kimball.

*Codman & Fox,* for John Winslow, said, that a witness must be competent at the time of the execution of the instrument as a will. *Hawes* v. *Humphrey,* 9 Pick. 350. The release of the interest of the husband of the witness, therefore, does not render her a competent witness to the will.

It has been holden in England, under a similar statute, that such a case as this does not come within the fifth section of Rev. Stat. c. 92. 1 L'd Raym. 505 ; 2 Strange, 1253 ; Jarman on Wills, 65 ; 5 Barn. & Ald. 589. The legacy in the present case is not to the subscribing witness, and is not void. In England this difficulty has been remedied, by statute of 2d Victoria.

*W. P. Fessenden,* for the defendant, said that a legatee could have no interest under a will until the death of the testator. There was no difficulty at the time known to the witness. She did not know, that her husband was a legatee. When the fact became known, on the death of the testator, the husband released all interest under the will, and removed all interest, which was the only ground of objection to the wife. 3 Stark. Ev. 1690 ; 1 Burr. 417. She was in all respects a competent witness, if not interested. She had no interest when she signed her name as a witness, and she had none at the time of the hearing before the judge of probate.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an appeal from the decree of the judge of probate, for this county, approving the will of A. G. Winslow, deceased. The instrument was subscribed as usual by three attesting witnesses. But one of them was the wife of a legatee in the will. And it is insisted, that this is not a case within the Rev. Stat. c. 92, § 5, rendering bequests to subscribing witnesses void, as the wife was not a legatee ; and it must

be admitted, that, nominally, she was not; and, upon a construction strictly literal, the ground relied upon might be tenable. But statutes are to receive such a construction as must evidently have been intended by the legislature. To ascertain this we may look to the object in view; to the remedy intended to be afforded; and to the mischief intended to be remedied. The object in view in the provision in question clearly was to prevent wills from becoming nullities, by reason of any interest in witnesses to them, created entirely by the wills themselves. No one can doubt, if it had occurred to the legislature, that the case before us was not embraced in the enactment, that it would have been expressly included. It was a mischief of the precise kind of that which was provided against; and we think may be regarded as virtually within its category.

Accordingly, in New York, where the statutory provision, in this particular, is the same as in this State, a devise or legacy to the husband or wife, the other being a witness to the will bequeathing it, is held to be void, upon the ground, as expressed by one of the Judges of the Court there; "that the unity of husband and wife, in legal contemplation, is such, that, if either be a witness to a will, containing a devise or legacy to the other, such devise or legacy is void, within the intent of the statute;" and upon the ground, that the statute concerning wills should receive a liberal construction, and one consistent with common sense. *Jackson* v. *Wood*, 1 Johns. Cas. 163; *Jackson* v. *Durland*, 2 *ib.* 314.

*The decree of the Judge of Probate affirmed.*