### ARGUED AND DETERMINED

##### IN THE

# Supreme Court of Errors

##### OF THE

# STATE OF CONNECTICUT.

---

FORTUNE *vs.* BUCK AND OTHERS.

$\begin{array}{cc} 23 & 1 \\ 67 & 90 \end{array}$

The probate court is the only tribunal competent to decide the question of the due execution of a will.

Where a will containing devises of real estate, and purporting to be attested by three subscribing witnesses, has been duly proved, and approved, in the court of probate, the due execution of such will can not afterward be impeached in a collateral suit, by proving that one of the attesting witnesses was, at the time of the execution of the will, the wife of the devisee.

By the proviso of the third section of the act, relating to the settlement of estates, a devise, made to any heir at law of the testator, is excepted from the operation of the previous clause of said section, which makes a devise or legacy to a subscribing witness to a will void. (Two judges dissenting.)

A devise of real estate, by a will duly attested and proved, to any heir at law of the testator, who is a subscribing witness to the execution of the will, vests, in such devisee, a title to the same, as testate estate. (Two judges dissenting.)

Where the wife of a devisee under a will, who is an heir at law of the testator, is a subscribing witness to the execution of such will, whether the same legal consequences follow as if the devisee, instead of his wife, had been the subscribing witness?—*Qu.*

THIS was a petition for a partition of certain real estate, to which the plaintiff claimed title, as co-heir, with Winthrop Buck and others, of Martha Bulkley, deceased. Upon

VOL. XXIII.                    1

the trial of the cause, the court found the following facts. Said Martha died, on the sixteenth day of October, 1845, seized, in fee simple, of the premises in question, and leaving a last will and testament, containing the following devise of the premises in question, to the defendant, Buck: "I give and devise to Winthrop Buck, of Wethersfield, my Buck lot in Hartford meadow." Said will was duly approved by a decree of the court of probate, which decree, upon an appeal to the superior court, was affirmed. Said will was attested by three witnesses only, of whom Eunice Buck was one, and, at the time of said attestation, said Eunice was the wife of the defendant, (if evidence was admissible to prove that fact,) and the plaintiff and said Winthrop were heirs at law of said Martha.

The questions, as to the admissibility of evidence, to prove that said Eunice was the wife of the defendant, whether said premises were intestate estate, and as to the decree which the superior court should be advised to render, upon the aforesaid facts, were reserved for this court.

*Welles* and *Fellowes*, for the plaintiff, contended, 1. That the devise is void. A devise to a witness is made void by statute expressly, and it makes no difference, whether the devise be to the witness, or to the husband of the witness. *Merriam* v. *The H. & N. H. R. R. Co.*, 20 Conn. R., 363.

The statute is remedial, and to be so construed as to suppress the mischief, and advance the remedy. All the American authorities place this construction upon it, and hold, that it is the object of the statute to extinguish in the witness all interest, whether direct or derivative. *Jackson* v. *Woods*, 1 Johns. Cas., 163. *Jackson* v. *Durland*, 2 Johns. Cas., 314. *Winslow* v. *Kimball*, 25 Maine R., 493. *Clark* v. *Hoskins et al.*, 6 Conn. R., 106.

2. The probate of the will does not preclude the plaintiff from proving that the devise is void.

The probate of the will merely establishes the fact of its

proper execution, as a testamentary paper, and leaves it to operate or not, as it respects its particular parts, according to its legal force. 1 Jarman on Wills, 21, 22, 23. 1 Williams' Executors, 172, 368, 369. 3 Miller's Lou. R., 170, 175, 176. Mass. Rev. St., p. 421, § 32.

3. The meaning of the proviso to the third section of chapter first, of the act relating to the settlement of estates, is, to save to the heir such portion as he would take, as heir, if it can be done consistently with the object of the statute. There is no necessity of making such a devise void, in order to qualify the witness. If the devise and the heritable portion be equal in value, his interest would be balanced, and he would be competent, without the statute. If the devise be less than the heritable portion, to sustain the will would be adverse to his interest. In either case he would be competent, without the statute. There would, therefore, be no need of the statute in either of these cases, and the *proviso* would be perfectly proper. Why render the devise void, when the object of the statute does not require it? But when that object does require it, as when the devise is greater than the heritable portion, why not render it void?

Again: not only is there no reason for applying the statute to the two cases above supposed, but there is a positive reason why they should be excluded, by such a *proviso*. It is this. If the devise be made void by the statute, it is *intestate* estate, and the heir to whom it is made, will be compelled to share it with the other heirs. To prevent such a result is the object of the *proviso*. The *proviso*, therefore, when filled out according to its meaning and spirit, will read as follows, to wit:

Provided, such devise be not made to an heir at law of the testator, who would be competent, without making the devise void.

But if the heir would take a greater interest as devisee than he would as heir, the devise is void, by force of the statute. That it is so, unless the *proviso* excludes such a

case, must be admitted. Does the *proviso* make such exclusion? If no reason can be discovered for so construing the *proviso*, or if such construction gives it an effect impairing the object of the statute, without any assignable reason, and we can discover a meaning which promotes that object, and which even is required, to avoid an incidental hardship, this must be the true meaning.

*Hungerford* and *Parsons*, contra, 1. The probate of a will is conclusive, as to all matters and facts which such probate implies, until it is regularly set aside, in a proper proceeding for that purpose. *Archer* v. *Moore*, 2 Vern., 8. *Nelson* v. *Oldfield*, 26 Vern., 76. *Nash* v. *Wells*, 1 Lev., 236. *Plume* v. *Beal*, 1 P. Wms. *Rex* v. *Vincent*, 1 Stra., 481. *Bush* v. *Sheldon*, 1 Day, 170. *Judson* v. *Lake*, 3 Day, 318. Jarman on Wills, numerous cases in note, p. 23.

2. The probate and the superior courts have both found, that the will was duly attested by three competent witnesses, and if the probate is conclusive, this incompetency can not be shown, as the plaintiff proposes, without controverting the probate of the will. The defendant attempts to show no incapacity, on the part of Mr. Buck, to take or hold the property devised, otherwise than by showing the incompetency of a witness, by which the will is made void, *quoad hoc*, and why? because the will is not properly executed. The incapacity, therefore, is not on the part of the devisee, to take, but on the part of the will, to convey.

The probate is conclusive, that there is no such defect, and of course, the proof offered directly contradicts the word, and what is necessarily implied in the probate of the will.

3. The language of the proviso, of the third section of the act relating to the settlement of estates, (ed. 1821, p. 199,) is clear and explicit, and well understood; and there is nothing in the proviso or body of the section, indicating any intention, on the part of the legislature, to use the words in a sense different from their ordinary import. The

word " heir," in the proviso, as there inserted, is general, and applicable to any heir who becomes a subscribing witness to a will, containing a beneficial devise or bequest to himself; whereas a very different meaning is ascribed to the word, by this construction.

There is no indication, either in the proviso or body of the section, that the proviso is elliptical, or that the legislature intended anything more by it, than the words naturally import, and if it were elliptical, then the words to be implied are such as to convey the meaning claimed. Allowing the construction claimed to be the true one, it is the province of the probate court, and not of the superior court, thus collaterally to settle the question, whether the interest of the subscribing witness was so neutralized.

CHURCH, C. J.   The plaintiff is one of the heirs at law of Martha Bulkley, and claims that the premises in question descended to him, and other heirs of the deceased, among whom the defendant is one, as intestate estate, and he prefers his bill in equity, for a partition of the same among such heirs.

The defendant is in possession of the property in question, and claims exclusive title to it, as a devisee, under the will of the said Martha Bulkley. And the question is, did the premises in dispute pass to the defendant, under the will of the said Martha, or are they to be treated as intestate ?

It is found by the superior court, that the said Martha Bulkley died, seized, and that she made and published, in her life-time, an instrument, purporting to be her last will and testament, by which the land in controversy was devised to the defendant, in fee.

This instrument was duly presented to the court of probate, for the district of Hartford, for probate, on the nineteenth day of March, A. D. 1847, and was duly proved and approved, as the last will of the deceased. From this decree, the plaintiff and others, heirs at law of the deceased, appealed

to the superior court, and, among the reasons assigned for the appeal, it was alleged, that the will was not subscribed by the testatrix, in the presence of three witnesses. The said Martha died on the sixteenth day of October, 1845.

The superior court found the reason thus assigned, and the other reasons for the appeal, untrue, affirmed the decree of the court of probate, and further decreed, that said instrument be established as a valid will.

It would seem, from this review of the proceedings, that the defendant had conclusively established his defence, and had proved a sole and exclusive title, in himself, to the disputed property.

But, in answer to this, the plaintiff claims, that, by the terms of the third section of the statute of 1838, (title Estates, chapter first,) in force when this will was executed, and when this testatrix died, although the will was well and legally executed, yet the defendant could take nothing by it,—that it was void as to him, because, as has been found by the superior court, his wife was one of the only three subscribing or attesting witnesses to the will.

The statute referred to enacts, that, if any beneficial devise, legacy or interest hath been or shall be made or given in any will or codicil, executed after the first day of January, 1808, to any person subscribing such will or codicil as a witness to the execution thereof, such devise, legacy or interest shall, as to such subscribing witness, and all persons claiming under him, be null and void, unless such will or codicil be otherwise duly witnessed, according to this act, and such person shall be admitted as a witness to such will or codicil, in the same manner as if such devise, legacy or interest had not been given. *Provided,* such devise, legacy or interest be not made to an heir at law of the testator, &c. This statute, it will be noticed, by its terms, makes no provision for a case where the wife of a devisee, &c., is a subscribing witness, as is done by the law now in force.

Upon what ground the court of probate and the superior

court proceeded, in declaring this will to have been well executed, and that it was subscribed by the testatrix, in the presence of three witnesses, we do not know. It may be, that the fact, now found to be true, that Eunice Buck, the subscribing witness, was the wife of the defendant, was not brought to their notice; or, it may be, that they placed the case upon the same ground, as if the defendant himself had been the attesting witness, as the statute now in force does, and, therefore, considered the wife as a competent witness, on the supposition that the devise to her husband was void.

If the decision of this case required it, it would, in our judgment, present to us a serious question, whether this will fell under the operation of the statute before recited, and whether the same legal consequences would follow, as if the defendant himself, the devisee, had been the attesting witness, instead of his wife? Is the wife of a devisee to be taken as the devisee?

That the wife was an interested subscribing witness, and incompetent to sustain the will, in favor of her husband, if objected to, while the probate of the will was under consideration, we can well see; but how a person, whether wife or not, can be treated as a devisee, to whom nothing is devised, where no statute so provides, is not so easily perceived, and especially in this state, where a wife has no present interest, no inchoate right of dower in the real estate of a living husband. 1 Jarman on Wills, 67.

However all this may be, we choose to consider this case, as if Buck, instead of his wife, had been the attesting witness. If he had been a stranger to the testatrix, in such case, instead of one of her heirs at law, the will would have been well executed, because of his incapacity to take under it, and of course, having no interest to sustain it. But the superior court has found that he was an heir at law of the testatrix.

We suppose this case comes before us in an aspect very different from that in which it would appear, if we were

acting upon the question, whether the will was well execu-
ted ; or if it were now before us, for probate.   In such case,
we could not fail to see, that the defendant Buck, being a
devisee, was so interested, that the will would be void, for
want of the necessary number of competent witnesses.   But,
at this time, and after the will has been fully proved and
established, by the only competent tribunals which can
decide upon its validity, we can have nothing to do with the
question, how far the defendant was an interested or an
incompetent witness to the will.   We are acting under an
established will, and the question before us, as a majority of
us believe, is, whether this defendant, under the facts before
us, can take the portion devised to him by the will.   If he
was not an heir at law of the testatrix, he could not take,
as the clear enactment of the recited section of the statute
declares, in general terms, that a devise, legacy or interest,
given to a subscribing witness to the will, shall be null and
void.

The defendant would be embraced by this enactment,
were it not for the proviso of the same section, which, with
equal clearness of language, excepts, from the operation of
this law of forfeiture, all devises, &c., made to an heir at
law of the testator.

We do not feel at liberty to indulge in any fancied con-
struction of this law.   The obvious meaning of the language
leads to the conclusion, that the proviso qualifies the entire
enactment, and in effect declares, that although, in all other
cases, where a devisee shall be a subscribing witness, the
devise shall be void, and the devisee shall be incapable of
taking under the will, yet this shall not extend to an heir at
law of the testator, standing in the same position.   At least,
if this is not the meaning of the language used, we know
not what it is.

Nor can the legislation of other states on the same subject,
to which we have been referred, aid us in the construction
of this, or any other law of our own : we, as a court, can

only know the meaning of a law, by the language of the law, and the subject matter of it, connected with our own legislation, or common law, upon the same subject.

Aside from the natural import of the language, used in the statute under consideration, which we have regarded as imperative upon us, in its construction, we might suggest plausible reasons, leading to the same result, drawn from the probable intention of the legislature.

We are led to the result, therefore, from the views we have taken of the facts and the law of this case, that the defendant, being an heir at law of the testator, is not, by statute, disqualified from taking under this will, and as the will has been legally established, it has vested in the defendant a title to the land in controversy, as testate estate. And, therefore, a majority of the court unites in advising the superior court, that, upon the facts, the premises are testate estate, and that the plaintiff's bill ought to be dismissed.

In this opinion, WAITE and ELLSWORTH, J's, concurred.

STORRS, and HINMAN, J's, dissented. They were of opinion, 1. That, by the just construction of the third section of our statute of wills, as it existed at the time of the making of the will of Martha Bulkley, the "heir at law of the testator," mentioned in the proviso therein, meant only such an heir as would have inherited what was devised or bequeathed to him by the will, and to whom, therefore, it was indifferent, whether he took it by the devise, or by inheritance. 2. That a devise or bequest to the husband or wife of a witness to a will, is equally void, as if it were made to the witness. *Clark* v. *Hoskins*, 6 Conn. R., 106. *Jackson* v. *Woods*, 1 Johns. Cas., 163. *Jackson* v. *Durland*, 2 Johns. Cas., 314. *Winslow* v. *Kimball*, 25 Maine R., 493. 3. That the plaintiff is not precluded in this case, by the probate of the will, from denying the validity of the devise to him, of the land sought to be aparted, (in which CHURCH,

C. J., concurred,) and that, therefore, evidence, to prove that one of the witnesses to the will was his wife, was admissible. *Hardfell* v. *Witherill*, 18 Jurist, 233.* *Gingell* v. *Horne*, 9 Sim., 339. *Segrave* v. *Kirwan*, 1 Beat., 157. *Wilford* v. *Bulkley*, 2 Cl. & Fin., 102. 8 Bligh, N. S., 111. 3 Miller's Lou. R., 170, 175. 4. That, as such devise gave to the plaintiff the whole of said land, and, as heir of the testator, he would inherit a less proportion of it, the devise was rendered void by such third section of the statute, and the land thereby given is intestate, and that the plaintiff is therefore entitled to have it aparted between himself and the defendants, the other heirs of the testator.

Bill dismissed.