## LUKE H. PEASE *vs.* ESTHER M. ALLIS.

A wife is not a competent witness to her husband's will.

APPEAL by the person named as executor in an instrument purporting to be the will of William S. Allis, from a decree of the Probate Court, disallowing the instrument as the will of William S. Allis. At the hearing, before *Ames*, J., it appeared that one of the three witnesses to the instrument was the wife of William S. Allis. The judge reported the case for the determination of the full court "upon the question of law involved; if the wife was a competent witness, the will to be admitted to probate; otherwise, the appeal to be dismissed, and the decree of the Probate Court affirmed."

*G. Wells*, (*N. A. Leonard* with him,) for the appellant.

*M. P. Knowlton*, (*G. M. Stearns* with him,) for the appellee.

CHAPMAN, C. J. By the Gen. Sts. *c.* 92, § 6, a will must be subscribed by three or more competent witnesses. They must be competent at the time of the attestation of the will. By the common law, it was a settled principle that husbands and wives could not in any case be admitted as witnesses for or against each other, independently of the question of interest. None of our statutes have changed the rule in this respect as to the attestation of wills, and the rule applies to such attestation. *Davis* v. *Dinwoody*, 4 T. R. 678. *Hatfield* v. *Thorp*, 5 B. & Ald. 589. *Sullivan* v. *Sullivan*, 106 Mass. 474.

As the wife of the testator in this case was not a competent witness when the will was executed, his death did not make her competent. *Decree affirmed.*