Dickman, J.
Mary A. Powers, the wife of the defendant in error, George O. Powers, died on the 13th day of December, 1881, leaving issue one child, Orris Irving Powers, who thereafter, and before this suit was begun, died aged six months. It was claimed that Mary A. Powers in her last sickness, made a verbal will, which was, on the 19th day of December, 1881, reduced to writing, and subscribed by Orris D. Vrooman and his wife Emma J. Vrooman as witnesses. The alleged verbal will was presented to and admitted to probate by the Probate Court of Cuyahoga county. By the terms of the will, Orris D. Vrooman, Joseph Vrooman, Albert K. Vrooman and Adiram Vrooman, the plaintiffs in error, brothers of Mary A. Powers, and Orris Irving Powers are named as the several legatees of Mary A. Powers. Suit was brought by George O. Powers, in the court of common pleas, against the plaintiffs in error, to set aside the will, on the ground, among others, that it was not subscribed by two competent, disinterested witnesses. The case was tried in the court of common pleas in May, 1884, and by verdict and- judgment of the court, the will was set aside. The defendants appealed, and on February 15, 1887, the case was tried in the circuit court, and it was found by the verdict and judgment rendered therein, that the paper purporting to be the last will of Mary A. Powers, was not her last will. During the trial in the circuit court, a written renunciation of all interest under the will, made and signed February 13, 1887, by Orris D. Vrooman and Emma J. Vrooman, the two witnesses to the alleged verbal will, w'as filed in that court, which renunciation, on being offered in evidence, was ruled out by the court.
The court, among other matters, charged the jury as *193 follows: “ That if they should find from the evidence that one of said, witnesses to said will, Orris D. Vrooman, was the brother of the testatrix and one of the residuary legatees mentioned in said alleged will, and that said Emma J. Vrooman was at the time the wife of'the said Orris D. Vrooman, the said witnesses to said will were not, within the meaning of the statute of Ohio, competent, disinterested witnesses to said will, and because of that fact, said will would not be the valid verbal will of the said Mary A. Powers.”
It is contended in behalf of the plaintiffs in error, that the circuit court erred, first, in charging the jury that Orris D. Vrooman and Emma J. Vrooman, under the conditions above stated, would not be competent and disinterested witnesses, within the meaning of the statute; and second, in refusing to allow the paper containing their renunciation of interest to be put in evidence.
I. It is provided by section 5991, of the Revised Statutes that: “A verbal will, made in the last sickness, shall be valid in respect to personal estate, if reduced to writing, and subscribed, by two competent disinterested witnesses, within ten days after the speaking of the testamentary words; and if it be proved, by said witnesses, that the testator was of sound mind and memory, and not under any restraint, and called upon some person present, at the time the testamentary words were spoken, to bear testimony to said disposition as his will.” The statute requires that both the witnesses shall be competent and ■ disinterested, and not one only. In our judgment, Orris D. Vrooman did not meet the requirement of the statute as to competency and disinterestedness. He had a sufficiently immediate, beneficial interest in the will to disqualify him from becoming a subscribing witness thereto. The alleged will provided that a certain sum of money in the hands of her brother, Orris D. Vrooman, belonging to the testatrix, if not used for her sickness and incidental expenses, should be placed where her son could have it on arriving at the age of twenty-one years; and that, if he died before the age of twenty-one years, the money should go to her brothers; and that, whatever funds were to *194 come from her mother’s estate were to go .in the same manner. One of the witnesses, therefore, being incompetent and disqualified by reason of interest, there was not a compliance with the statutory requirement that the two witnesses to the verbal will should be competent and disinterested, and the will, in consequence, cannot be held to be valid. We find no error in the charge of the court.
I,t is urged however, that if there was a disqualification of interest in one or both of the witnesses, it was removed by the operation of section 5925 of the Revised Statutes, which provides that: “ If a devise or bequest is given to a person who is a witness to the will, and the will cannot otherwise be proved than by the testimony of such witness, the devise or bequest shall be void, and the witness shall be competent to give testimony of the execution of the will, in like manner as if such devise or bequest had not been made.” This section, when considered in connection with the preceding sections of the chapter, including section 5916, is clearly applicable only to duly executed written wills. Section 5916 requires that: “ Every last will and testament (except nuncupative wills hereinafter provided for) shall be in writing, and signed at the end thereof by the party making the same . . . . and shall be attested and subscribed in the presence of such party by two or more competent witnesses,” etc. The sections immediately following, embracing section 5925, are so connected by obvious reference to a will in writing, as to preclude the idea of applying the last mentioned section to nuncupative wills, which, b}' the statute, are assigned to a separate and distinct class, and are subject to different requisites and conditions. Section 5925 in providing that “ the witness shall be competent to give testimony of the execution of the will,” evidently refers to the full, legal formalities of a signature by the testator, and an attestation by competent witnesses who -subscribe in the testator’s presence, and not, as in a nuncupative will, to the testator’s speaking testamentary words in his last sickness, which are to be reduced to writing, and subscribed by competent disinterested witnesses, within ten days after the words are spoken.
*195 II, The renouncement and release by Orris D. Vrooman of all' right and interest, was not filed until more than five years after the verbal will is alleged to have been made. Such a release did not remove his disqualification as a witness. The statute contemplates the verbal will as made in the last sickness. Within ten days after the speaking of the testamentary words, the will must be reduced to writing, and subscribed by two witnesses who are then competent and disinterested.
The rule, it is said, which reason should now pronounce the; .universal one, is, that the competency of witnesses, like that-of the testator, is tested by one’s status at the time when the .will was executed. Schouler on Wills, § 351. In Patten v. Tallman, 27 Me. 27, the court say: “ The competency of an attesting witness is not to be determined upon the state of facts existing at the time, when the will is presented for probate, but upon those existing at the time of the attestation.”
In Morton v. Ingram, 11 Ind. 368, it was held, that a person named as executor, is not competent as an attesting witness to a will of personalty: and that his subsequent renunciation and release will not make him so; and that he must be disinterested at the time of attestation. In Huse v. McConnel, 2 Jones’ Law (N. C.) 455, the court remark: “It is well settled that an attesting witness to a will must be competent at the time of attestation, and that no subsequent release, where the objection is one of interest, can restore competency.”
In Workman v. Dominick, 3 Strobh. 589, it was held that, “ credible ” means competent; and the competency of the witness must be referred to the time of attestation. Frost, J., said: “ This point is settled. It is affirmed by all the elementary writers. ... If the witnesses do not possess, at the time of the execution of the will, the quality required, it cannot afterwards be supplied. If any of them be not then credible, by reason of a benefit he may take by the instrument,' he cannot' be made credible by a future release..... The will would be absolutely in the power of the wit *196 ness. If he consents to release, the will is established; if he refuses, the will is annulled. It is in his power to set up the estate to auction between the legatees and next of kin, and sell it to the highest bidder. And thus being first bribed by an interest in the will to make it, he is open to another bribe to vacate it.”
See Stewart v. Harriman, 56 N. H. 25; Hawes v. Humphrey, 9 Pick. 350; Higgins v. Carlton, 28 Md. 115; Pease v. Allis, 110 Mass. 157; Allison v. Allison, 4 Hawks, 141; Tucker v. Tucker, 5 Ired. 161; Greenl. Ev., § 691. The rule laid down in the above citations acquires additional force and significance, when applied to the attestation and establishment of verbal wills. The rule, it is true, in its application to wills in writing, is controlled by section 5925 of the Revised Statutes, but that section, as we have before observed, is not applicable to nuncupative wills.

Judgment affirmed.