WILLIAM F. FISHER *et al.*

*v.*

CHARLOTTA A. SPENCE *et al.*

*Filed at Mt. Vernon May 5, 1894.*

| 150 | 253 |
|---|---|
| 168 | 473 |
| 150 | 253 |
| 174 | 568 |
| 150 | 253 |
| 183 | 44 |
| 150 | 253 |
| 184 | 582 |
| 184 | 584 |
| 150 | 253 |
| 187 | 4 94 |

1. WILLS—*competency of attesting witnesses—husband or wife of devisee.* The husband or wife of one to whom a devise or legacy is given by a will is not a competent witness to prove the execution of the will, and is not rendered competent by the release by the devisee of all his rights under the will. Such attesting witnesses are not competent as to devises and bequests made to persons other than to the wife or husband of either of said witnesses.

2. SAME—*subscribing witnesses—statute construed.* Section 8 of the Statute of Wills, which declares that "if any beneficial devise, legacy or interest shall be made or given in any will, testament or codicil, to any person subscribing such will, testament or codicil as a witness of the execution thereof, such devise shall, * * * as to such subscribing witness, and all persons claiming under him, be null and void," has no application to the interests of any persons other than those who are attesting witnesses, and does not declare such interests null and void. Nor does the statute assume to render competent any subscribing witnesses other than those to whom a beneficial devise, etc., was made or given.

3. The only devises declared void by this statute are beneficial devises to a subscribing witness. It does not avoid even a devise to a subscribing witness which gives him no beneficial interest, as, for instance, a devise to an executor for the exclusive benefit of other persons. Section 5 of the act relating to evidence does not render a husband a competent attesting witness to prove a will making a devise to his wife.

4. SAME—*"credible witnesses"—statute construed.* The expression in section 2 of the Statute of Wills, "credible witnesses," means competent witnesses. The competency of attesting witnesses to a will is to be tested upon the state of facts existing at the time of such attestation, and not that existing at the time the will is presented for probate.

APPEAL from the Circuit Court of Pulaski county; the Hon. R. W. McCARTNEY, Judge, presiding.

On the 25th day of January, 1890, one John A. Fisher made his last will and testament, thereby disposing of all of his real and personal estate to divers persons therein named. The will

was witnessed by J. J. Carson and Carrie F. Spence. Georgia Ann Carson, the wife of the said J. J. Carson, and Thomas W. Spence, the husband of the said Carrie F. Spence, are devisees and legatees under the will. In the county court the collateral heirs of the said John A. Fisher, deceased, resisted the probate of the will, claiming it to be void because it is witnessed by J. J. Carson and Carrie F. Spence, the husband and wife of the said Georgia Ann Carson and Thomas W. Spence, who are two of the devisees and legatees under the will. Before the probate of the will in the county court, the said Georgia Ann Carson and Thomas W. Spence, the wife and husband of the subscribing witnesses to the will, in the county court, in open court, formally released and renounced all benefits and all legacies and bequests to them under said will. The county court declared the will null and void as to the devises and bequests made to the said Georgia Ann Carson and Thomas W. Spence, but held the will valid, and admitted the same to probate, as to all of the other devises and bequests therein contained. The heirs of the said John A. Fisher, deceased, took an appeal to the circuit court from the order of the county court admitting said will to probate. While the appeal was pending in the circuit court, the said Georgia Ann Carson and Thomas W. Spence, together with their said husband and wife, again released and renounced, in the most formal manner, all their right, title, interest and claim as devisees and legatees under said will. The circuit court made a like order to that of the county court, and the contestants of said will have brought the case to this court by appeal.

Mr. L. N. Bradley, and Messrs. Green & Gilbert, for the appellants :

Witnesses to a will are placed around the testator to protect him from fraud, and have peculiar powers as to expressing their opinions. 2 Greenleaf on Evidence, sec. 691; 3 Washburn on Real Prop. *681, 682.

The witnesses to a will should, and must, be competent at the time of the attestation. Schouler on Wills, sec. 35; North on Probate Practice, sec. 44; 2 Greenleaf on Evidence, sec. 691; 3 Washburn on Real Prop. *682; *Patten* v. *Tallman,* 27 Me. 27; *Morton* v. *Ingram,* 11 Ired. 455; *Pease* v. *Allis,* 110 Mass. 157; *Workman* v. *Dominick,* 3 Strob. 589; *Stewart* v. *Harriman,* 66 N. H. 25; *Sullivan* v. *Sullivan,* 106 Mass. 474.

It is conceded that the wife can not testify for or against the husband, nor the husband for or against the wife, at the common law, except in few cases, and by our statute attesting witnesses to a will remain as at the common law as to a husband or a wife testifying for or against each other. Rev. Stat. chap. 51, sec. 8.

"Credible," as used in the Statute of Wills, means "competent." 1 Redfield on Wills, 253, 254; North on Probate Practice, sec. 44; 1 Greenleaf on Evidence, sec. 272; *Workman* v. *Dominick,* 3 Strob. 589; *Sullivan* v. *Sullivan,* 106 Mass. 474; 3 Washburn on Real Prop. *682.

A will is not valid that is attested by a wife or husband, containing a devise to the husband or wife of one of the attesting witnesses,—that is, if there are not the required number of credible or competent attesting witnesses thereto, without such husband or wife, to establish such will. Schouler on Dom. Relations, 64; 3 Washburn on Real Prop. *682; *Sullivan* v. *Sullivan,* 106 Mass. 474; *Hatfield* v. *Thorp,* 5 B. & A. 589; *Fortune* v. *Buck,* 23 Conn. 1; 1 Jarman on Wills, 65, 66.

No release can make an incompetent witness competent, for the witness must be competent at the time of the attestation. Rev. Stat. chap. 51, sec. 7.

Messrs. LANSDEN & LEEK, and Messrs. ROBERT & WALL, for the appellees:

Where a devise is made to a husband or wife whose wife or husband is an attesting witness, it will be void, and being void, the attesting witness is competent to prove the will.

1 Redfield on Wills, 258 ; 3 Lomax' Dig. 45 ; North on Probate Practice, sec. 47 ; *Jackson* v. *Durland,* 2 Johns. 314 ; *Holdfast* v. *Dowsing,* 2 Strange, 1233 ; *Winslow* v. *Kimball,* 25 Me. 484.

The interest of a witness may be removed by release. See 1 Phillips on Evidence, 156 ; 1 Redfield on Wills, 254 ; *Lowe* v. *Jolliffe,* 1 W. Black, 365,

Mr. CHIEF JUSTICE BAKER delivered the opinion of the Court :

The sole question for consideration is, whether or not the said J. J. Carson and Carrie F. Spence are competent witnesses to said will as to all devises and bequests therein contained, except the devises and bequests to the said Georgia Ann Carson and Thomas W. Spence, the wife and husband of the said subscribing witnesses to said will. It is admitted that at common law, and without any relinquishment or release by the said Georgia Ann Carson and Thomas W. Spence of the interests in the estate given to them by the will, they would not be competent attesting witnesses to such will. It is urged, however, that for two reasons they are now competent witnesses to establish the will. One ground of the contention of appellees is, that even if J. J. Carson and Carrie F. Spence were not competent witnesses at the time of attestation of the will, yet that since, prior to the probate of such will, Georgia Ann Carson and Thomas W. Spence, wife and husband, respectively, of said witnesses, released all interest in the estate, they became and were competent witnesses to establish such will. The other contention of appellees is, that under and by virtue of section 8 of our Statute of Wills the devises and legacies to Georgia Ann Carson and Thomas W. Spence under the will to which the husband of the one and the wife of the other were the only attesting witnesses, were null and void, and such husband and wife competent witnesses as to the residue of such will.

It is provided in section 2 of the Statute of Wills, that all wills, testaments and codicils shall be "attested in the pres-

ence of the testator or testatrix, by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of the said will, testament or codicil to admit the same to record." The expression in the statute, "credible witnesses," means competent witnesses. 1 Greenleaf on Evidence, 272; North's Probate Practice, sec. 44; *Workman* v. *Dominick,* 3 Strob. 589; *In the matter of Noble,* 124 Ill. 266.

The material question upon the claim of appellees first above mentioned is, whether the competency of attesting witnesses to a will is to be tested upon the state of facts existing at the time of such attestation, or upon those existing at the time such will is presented for probate. In our opinion the decided weight of the more modern authorities is in favor of the former proposition. In 2 Greenleaf on Evidence (sec. 691) it is said: "The attesting witnesses are regarded, in the law, as persons placed around the testator in order that no fraud may be practiced upon him in the execution of the will, and to judge of his capacity. They must therefore be competent witnesses at the time of the attestation, otherwise the will is not well executed." He further says, in a note, that such was the opinion of Lord Camden, and that such opinion is now acquiesced in as the true exposition of the Statute of Wills, and he also cites in the note a number of authorities sustaining the doctrine announced in the text. In North's Probate Practice (sec. 44) it is said: "As to the period at which the witnesses must be competent, the weight of the authorities is clearly that it must be at the time of the execution." In Schouler on Wills (sec. 351) it is said that the rule which reason should now pronounce the universal one is, that

the competency of witnesses to a will like that of the testator is tested by one's status at the time when the will was executed. See, also, *Patten* v. *Tallman,* 27 Me. 27; *Morton* v. *Ingram,* 11 Ired. 368; *Huie* v. *McConnell,* 2 Jones, (N. C.) 455; *Vrooman* v. *Powers,* 47 Ohio St. 191; *Workman* v. *Dominick, supra; Pease* v. *Allis,* 110 Mass. 157. The views above expressed seem to be supported by the decision of this court in *In re will of Ingalls,* 148 Ill. 287. Without mentioning numerous other authorities to the same effect, we may say that our conclusion is that J. J. Carson and Carrie F. Spence were not rendered competent witnesses to the will in question by the releases which were executed by the wife of the one and the husband of the other, releasing all benefits under such will.

As above stated, the other claim of appellees is, that by section 8 of the Statute of Wills the devises and legacies to the wife of one and husband of the other of the attesting witnesses to the will are null and void, and therefore said attesting witnesses competent witnesses as to the residue of the will. Said section 8 is as follows:

"If any beneficial devise, legacy or interest shall be made or given in any will, testament or codicil to any person subscribing such will, testament or codicil as a witness to the execution thereof, such devise, legacy or interest shall, as to such subscribing witness and all persons claiming under him, be null and void, unless such will, testament or codicil be otherwise duly attested by a sufficient number of witnesses exclusive of such person, according to this act; and he or she shall be compellable to appear and give testimony on the residue of such will, testament or codicil, in like manner as if no such devise or bequest had been made. But if such witness would have been entitled to any share of the testator's estate in case the will, testament or codicil was not established, then so much of such share shall be saved to such witness as shall not exceed the value of the said devise or bequest made to him or her, as aforesaid."

It is to be noted that it is only the beneficial devise, legacy or interest that is made or given to a subscribing witness to the execution of any will, testament or codicil that is declared by the language of this statute to "be null and void." In order to hold that this statute has any application to the present case, it would be necessary to read into the statute a provision that any devise or legacy to the wife or husband of a subscribing witness shall be null and void. The ground assumed by appellees, and in the authorities upon which they rely, is, that the statute ought to receive a liberal construction in support of the will, and that on account of the unity of husband and wife, in legal contemplation, it should be held that it is the intent of the statute, that if either husband or wife is a witness to a will containing a devise or a legacy to the other, then such devise or legacy is null and void.

In *Richmond* v. *Moore,* 107 Ill. 429, it was held, that while it was the duty of the courts to give to all words, clauses and phrases found in a statute a liberal construction, in order to carry out the legislative intention, yet courts have no power to inject provisions into the statute which were omitted by the law-makers. The difficulty that we encounter in respect to the argument made by appellees is, that it does not appear, from the statute under consideration, that the legislature acted, or assumed to act, in regard to the interests of any persons other than those who are attesting witnesses to wills, and declare such interests null and void, or assumed to render competent any subscribing witnesses other than those to whom a beneficial devise, legacy or interest was made or given.

In *Sullivan* v. *Sullivan,* 106 Mass. 474, the Massachusett's statute was, that "all beneficial devises, legacies and gifts made or given in any will to a subscribing witness thereto shall be wholly void, unless there are three other competent witnesses to the same," and it was held that a wife is not a competent attesting witness to a will which contains a devise to her husband. In the opinion of the court, delivered by

Gray, J., it was said: "The only devises which the statute declares to be void are beneficial devises to a subscribing witness. It does not avoid even a devise to a subscribing witness which gives him no beneficial interest, as, for instance a devise to an executor, for the exclusive benefit of other persons. (*Wyman* v. *Symms*, 10 Allen, 153; 1 Jarman on Wills, 65.). It does not avoid any devise to and for the benefit of any person other than a subscribing witness, even if the subscribing witness would incidentally take some benefit from the devise. In order to maintain the position contended for, it would be necessary to declare void, not merely the interest which the wife, who was a subscribing witness, would take, by way of dower or otherwise, in the property devised to her husband, but also the whole devise to and for the benefit of the husband himself, who was not a subscribing witness, and whose estate the statute does not assume to reach."

In *Fortune* v. *Buck et al.* 23 Conn. 1, it was said: "That the wife was an interested subscribing witness, and incompetent to sustain the will in favor of her husband, if objected, while the probate of the will was under consideration, we can well see; but how a person, whether a wife or not, can be treated as a devisee to whom nothing is devised, where no statute provides, is not so easily perceived."

Section 8 of our Statute of Wills is substantially the same as the statute of 25 George II, ch. 6. Our attention is called to *Holdfast* v. *Dowsing,* (sometimes cited as *Antsey* v. *Dowsing,*) 2 Strange, 1253. In that case Dowsing was devisee of certain lands charged with the payment of an annuity to the wife of one of the witnesses to the will, and it was held, among other things, that the charge upon the real estate of the annuity to the wife made the husband an incompetent witness. The case, although an authority as to what the law is in the absence of any statute, can not be regarded an authority as to the interpretation to be given to section 8 of our Statute of Wills, for the reason it was decided prior to the statute of 25 George II, ch. 6.

Attention is also called to the case of *Hatfield* v. *Thorp,* 5 Barn. & Ald. 589. The case does not seem to be in point in respect to the question here in issue. The case was, that one John Steemson devised a certain messuage, garden and premises to his daughter, Mary Bell, for life, remainder to Elizabeth Hatfield in fee, and one of the necessary witnesses to the will was the husband of said Elizabeth Hatfield. The Master of the Rolls certified the case to the court for its opinion whether the will was duly attested to pass any estate to Elizabeth Hatfield. The opinion of the court was confined strictly to the question certified to it, and was as follows : "This case has been argued before us, and we are of opinion that the will of the said John Steemson was not duly executed so as to pass any real estate in the messuage, garden and premises to Elizabeth Hatfield." The question whether or not the will was so attested as to pass any estate to Mary Bell, the daughter of John Steemson, was not submitted to the court or passed upon by it. It seems to us that there is no necessary implition, from the opinion, that the court held that the statute of 25 George II either did or did not apply to the case. However, in 1837, parliament, by the statute of 1 Victoria, ch. 26, extended the disqualification to take beneficially under a will to the husband or wife of the attesting witness, and this seems to be a recognition of the fact that legislation further than that contained in the statute of 25 George II was necessary in order to render null and void a beneficial devise or legacy to the wife or husband of an attesting witness to a will, and make such witness a competent witness as to the residue of the will.

Appellees contend that the unity of husband and wife is such, in legal contemplation, as that if either be a witness to a will containing a devise or a legacy to the other, such devise or legacy is void, within the intent of our Statute of Wills, and this contention is supported by decisions of the courts in New York and Maine, made under statutes substantially like ours. (*Jackson* v. *Wood,* 1 Johns. Cas. 163 ; *Jackson* v.

*Durland*, 2 id. 314; *Winslow* v. *Kimball*, 25 Me. 493.) After much consideration, we are inclined to concur in the views expressed in *Sullivan* v. *Sullivan*, 106 Mass. 474, in regard to said cases. It is there said: "With great respect for the learning and ability of the courts which made those decisions, and after carefully weighing the arguments in support of the construction contended for, we are unanimously of opinion that it is founded rather upon a conjecture of the unexpressed intent of the legislature, or a consideration of what they might wisely have enacted, than upon a sound judicial exposition of the statute by which their intent has been manifested."

It may be suggested that the legacy and devise to Georgia Ann Carson, the wife of J. J. Carson, were the separate property of the wife, and that under section 5 of our Statute of Evidence and Depositions the husband is a competent witness respecting the separate property of the wife. A sufficient answer to this would be, that it is expressly provided in section 8 of that statute that nothing in the statute contained shall in any manner affect the existing laws relating to the settlement of the estates of deceased persons, or to the attestation of the execution of last wills and testaments. Besides this, even if, under said section 5, J. J. Carson was a competent witness to the will, the incompetency of the other witness, Carrie F. Spence, would not be removed, and under our Statute of Wills two or more credible or competent witnesses are required to a will.

In our opinion the county court and the circuit court were in error in holding that J. J. Carson and Carrie F. Spence were competent witnesses to establish the will of John A. Fisher, deceased, and in admitting said will to probate as to all the devises and bequests therein contained, other than those to Georgia Ann Carson and Thomas W. Spence. The judgments and orders of said courts are therefore reversed.

*Judgment reversed.*