ADELINE S. SHEPARD, Executrix, *vs.* ALLISON PARKER.

Franklin.    Opinion December 9, 1902.

*Bills and Notes.    Witness.    Stat. of Limitations.    Husband and Wife.*
*R. S., c. 82, § 93.*

The only requirement as to the competency of an attesting witness to the signature of the maker of a promissory note is, that such witness, at the time of the attestation must be one who is competent to testify in court in regard to the subject matter thereof.

Since by statute the husband or wife of a party to an action may be a witness in such action, the wife of the payee of a promissory note may be a witness to the signature of the maker, so that the statutory limitation of six years will not apply to an action on such note.

Exceptions by defendant.    Overruled.

Action on a promissory note to which the defendant pleaded that the statute of limitations was a bar after six years—although the note appeared to have been witnessed by the wife of the payee.

*B. Emery Pratt,* for plaintiff.

*H. L. Whitcomb,* for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

WISWELL, C. J.    The only question presented by the exceptions is, whether the wife of the payee of a promissory note may be an attesting witness to the signature of the maker, so that the statutory limitation of six years will not apply to an action on such note.

We think that the only requirement as to the competency of such an attesting witness is, that the witness must be one who at the time of the attestation, is competent to testify in court in regard to the subject matter thereof. By R. S., c. 82, § 93, the husband or wife of a party to an action may be a witness in court in such action. The statute has remained in its present form since 1873, and before

that the husband or wife of a party was allowed to testify with the consent of the other.

The case does not show the date of the note in suit, but as it comes here on the defendant's exceptions, we must assume that the note was made since the statutes of this State have allowed a wife to testify in an action wherein her husband was a party. She was therefore competent to be an attesting witness at the time of the attestation. *Jenkins* v. *Dawes*, 115 Mass. 599.

*Exceptions overruled.*