AUGUST WILSON and others *vs.* JAMES A. WILSON and others.

June 2, 1890.

Grant to Husband and Wife.—Under sections 43, 44, c. 45, Gen. St. 1866, (being sections 43, 44, c. 45, Gen. St. 1878,) upon a grant or devise to husband and wife, they take as tenants in common, unless expressly declared to be as joint tenants.

Action for partition, brought in the district court for Ramsey county.  The land in question was conveyed in fee, on September 15, 1875, to "Alexander Wilson and Eleanor Wilson, husband and wife," to have and to hold "unto the said parties of the second part, their heirs and assigns forever."    Alexander died November 27, 1887, intestate. Eleanor died August 10, 1888, testate.    The plaintiffs, heirs-at-law of Alexander, and devisees under the will of Eleanor, contend that the deed of September 15, 1875, vested title in fee in Alexander and Eleanor as tenants in common in equal moieties, and not as tenants by the entirety.    The defendants (devisees of Eleanor) appeal from an order by *Kerr*, J., overruling their demurrer to the complaint.

*A. G. Otis,* for appellants.

*James E. Trask,* for respondents.

GILFILLAN, C. J.[1]    The question in this case is, when a conveyance of real estate in fee is made to husband and wife, do they take as joint tenants, tenants in common, or do they become seised of the entirety, as it was called at the common law?    An incident or property of this peculiar estate by the entirety, which it had in common

[1] Vanderburgh, J., took no part in this case.

with the estate in joint tenancy, was the right of survivorship. But, unlike the case of joint tenancy, neither of the parties could alien without the assent of the other. The reason for the rule upon conveyances to husband and wife, as given by Blackstone, (book 2, *c.* 12, p. 182, Cooley's 2d Ed.,) was: "For, husband and wife being considered as one person in law, they cannot take the estate by moieties, (that is, each taking an undivided half of the whole estate,) but both are seised of the entirety *per tout et non per my.*" It would seem as though, the reason for the rule having ceased, and unity, so far as rights of property are concerned, no longer existing, the wife being as capable of taking and holding property as though she were unmarried, and she and her husband being no more considered as one person in the law as to property, there could no longer be any foundation for the rule. And the statute has very clearly abolished that sort of tenancy—that is, by the entirety. The Revised Statutes of 1851 enacted, (chapter 43:)

"Sec. 43. Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which, respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter.

"Sec. 44. All grants and devises of land, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.

"Sec. 45. The preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife."

It is not easy to see why section 43, if it stood alone, would not abolish any other classification of estates held by two or more persons, in respect to their connection, than that made by the section, and reduce them all to estates in severalty, in joint tenancy, and tenancy in common. As to whether such a section does have that effect the courts in other states having similar statutes do not agree. But we are unable to see how full effect could be given to the language, as expressing the intention of the legislature, than by holding that un-

der that section alone there could be no such estate as by the entirety, and that upon a conveyance of the same tract to husband and wife they would take either as tenants in common or as joint tenants. How they would take, whether as tenants in common or joint tenants, would then be determined by section 44, were it not for section 45, which excepts from the operation of section 44 conveyances to husband and wife. Excepting such conveyances shows that in the mind of the legislature they would come within the operation of section 44 unless excepted; that is, that the husband and wife would take as tenants in common unless in the grant or devise it should be expressly declared to be in joint tenancy. These sections of the statutes of 1851 remained until the revision of 1866. In that revision, (c. 45) sections 43 and 44 were retained without change. Section 45 was retained, leaving out the words, "or to husband and wife." With that modification, the three sections are still in force, being sections 43, 44, and 45 of chapter 45, Gen. St. 1878. The change made in 1866, by striking from section 45 the words, "or to husband and wife," leaving to apply to a grant or devise to them the rule which section 44 applies to all other grants or devises to two or more persons in their own right, was significant. It showed an intent that upon a grant or devise to husband and wife they should take and hold precisely the same as two or more other persons would, upon a grant or devise to them; that is, as tenants in common, unless expressed to be in joint tenancy. Chapter 69 (of the revision of 1866) suggests a reason for it. Up to the time of that revision the common-law theoretical unity of husband and wife, and the common-law disabilities based upon it, continued. Upon the enactment of chapter 69, the unity of person, so far as related to rights of property, ceased to exist. After that the wife, with respect to taking, holding, and enjoying property, with some limitations, not based on any idea of her incapacity, but imposed to prevent frauds, was as though she were *sole*. The theoretical unity of person with respect to rights of property being done away with, it would have been inconsistent to retain any of the incidents of it. And we may suppose that, therefore, the legislature in the same statute did away with a provision retained by reason of it, by striking out the words, "or to husband and wife,"

from section 45, leaving applicable, to grants or devises to them, the same rule that applies to grants or devises to two or more other persons in their own right.

Order affirmed.