## *In re* JULIA C. HOLT'S WILL.

Argued Nov. 14, 1893.    Affirmed Dec. 29, 1893.

No. 8434.

**Competency of an attesting witness to a will.**

Attesting witnesses to a will must be such as are competent at the date of attestation, and, if then competent, their subsequent incompetency, from whatever cause, will not prevent the probate of the will.

**Same—Defined by statute.**

The rule of competency in such cases, in this state, is that defined by the statute. 1878 G. S. ch. 73, §§ 6, 7.

**Legacy to wife will not render husband incompetent.**

A married person is not to be deemed an incompetent attesting witness at the time of the execution of a will, simply because the husband or wife of such person is a beneficiary under the will.

**As of what date incompetency of husband arises.**

And the question of incompetency in such case can only arise subsequently on the probate of the will, upon his or her examination as a witness, and then only in the single contingency that such beneficiary becomes a contestant, and does not then consent to the examination of the witness.

**Legacy to wife of attesting witness is not void.**

The statute makes void a legacy to an attesting witness. But this provision does not, under the laws of this state, apply to the husband or wife of such witness. Neither has any present direct or certain interest in a legacy to the other.

Appeal by contestants, Lydia Borden and Mary A. Holt, from a judgment of the District Court of Dakota County, *F. M. Crosby*, J., entered June 15, 1893, affirming the judgment of the Probate Court.

On March 24, 1892, Julia C. Holt, a widow seventy years old, made her will at the house of her daughter, Georgiana Needham, in Farmington. She gave the most of her small estate to Mrs. Needham, to the exclusion of her other children. W. A. Gray and Mrs. Needham's husband were the attesting witnesses to the will. The testatrix died April 3, 1892. The will was presented in the Probate Court and was there contested by her daughters, Lydia Borden and Mary A. Holt, but it was proved and allowed as the last will of Mrs. Holt. These contestants appealed to the District Court. They claimed that the will was not properly attested, in that E. Z. Need-

ham, the husband of the principal legatee was one of the two attesting witnesses.    This objection was overruled and the decision of the Probate Court affirmed.    From this judgment the contestants appeal.

*Jay W. Crane*, for appellant.

By the common law the husband of a legatee was not a competent witness to a will.    *Giddings* v. *Turgeon*, 58 Vt. 106; *Sullivan* v. *Sullivan*, 106 Mass. 474; *Holdfast* v. *Dowsing*, 2 Strange, 1253; *Hatfield* v. *Thorp*, 5 B. & Ald. 589; *Fortune* v. *Buck*, 23 Conn. 1.

The rule at common law has not been changed by the statutes in Minnesota.    Laws 1889, ch. 46, § 19.

The Supreme Court of Vermont declared in 1886, a will, to which one of the three witnesses was the husband of a legatee, to be absolutely void.    *Giddings* v. *Turgeon*, 58 Vt. 107.    And in Massachusetts the question was passed upon in 1871.    *Sullivan* v. *Sullivan*, 106 Mass. 474.

The Iowa Supreme Court is the only court which has admitted such a will to probate and allowed the legacy.    *Hawkins* v. *Hawkins*, 54 Ia. 443; *Bates* v. *Officer*, 70 Ia. 343.

The legacy to Georgiana Needham was void.    Laws 1889, ch. 46, § 21; *Winslow* v. *Kimball*, 25 Me. 493; *Jackson* v. *Woods*, 1 Johns. Cas. 163; *Jackson* v. *Durland*, 2 Johns. Cas. 314.

*Stringer & Seymour*, for respondent.

By the common law a husband cannot be a competent witness to a will containing a valid devise to his wife.    But this has been changed by our statutes.    1878 G. S. ch. 69, and ch. 73, §§ 7, 10. *Wilson* v. *Wilson*, 43 Minn. 398; *Wolford* v. *Farnham*, 44 Minn. 159.

In Iowa, husband and wife are permitted by statute as in this state, to testify for and against each other, and it is there held that the wife may be an attesting witness to a will giving her husband a legacy.    *Hawkins* v. *Hawkins*, 54 Ia. 443; *Bates* v. *Officer*, 70 Ia. 343.

VANDERBURGH, J.    The will in question here contains a legacy to Georgiana Needham, estimated by the testator at about $400.    The will was attested by two witnesses, one of whom was E. Z. Needham, who is and was at the time of such attestation the husband of Geor-

giana. Mrs. Needham is the proponent of the will, and in the Probate Court objection was made by the contestants, appellants here, to the allowance and probate of the will on the ground that E. Z. Needham, the husband of the proponent, was not a competent witness to the will.

The action of the Probate Court, allowing the will, having been affirmed by the District Court, the case is brought here on appeal from the judgment of the last-named court.

1. The first question presented involves the competency of the attesting witness E. Z. Needham. Undoubtedly he must have been a competent witness at the time of the execution of the will. This is the established doctrine of the common-law authorities, from the case of *Holdfast* v. *Dowsing*, 2 Strange, 1253, down to the present time, (1 Redf. Wills, 253; 2 Greenl. Ev. § 691; *Morrill* v. *Morrill*, 53 Vt. 78;) and it is clearly recognized in our statute, (Probate Code, ch. 2, § 19,) which requires that a will shall be attested and subscribed in the testator's presence by two or more competent witnesses. But, if competent at the time of the execution of the will, their subsequent incompetency, from whatever cause it arises, shall not prevent the probate and allowance of the will, if it is otherwise satisfactorily proven.

The appellants, however, contend that the attesting witnesses must be such as would be competent under the common-law rule, and that they are impliedly not included in the definition of "witness," 1878 G. S. ch. 73, § 6, because their competency is to be determined as of the time of the attestation, and not as of the time when they may be called to testify on the probate of the will. But this construction cannot be upheld. The cases from Massachusetts are not in point, because there the statutes removing the objection to the competency of witnesses on the ground of interest and of the relation of husband and wife are expressly declared not to apply to attesting witnesses to a will. *Sullivan* v. *Sullivan*, 106 Mass. 478.

The question of the competency of such witnesses in this state is determined by the statute. 1878 G. S. ch. 73, §§ 6, 7, 9, 10. An attesting witness is competent, if he be one who would at the same time be competent to testify in court to the facts which he attests; and so the courts hold. Thus in *Jenkins* v. *Dawes*, 115 Mass. 601, an attesting witness is declared to be one who at the time of the attestation would be competent to testify; and in *Morrill* v. *Morrill*,

53 Vt. 78, "competency to testify" must exist at the time of the attestation.

The attestation contemplated the subsequent testimony to the facts attested when the will should be proved. The incompetency of the husband or wife to testify where either was an interested party at the common law rose out of the unity of interest and of personal relations. This unity of interest may be removed, and yet, owing to the unity and confidential nature of their personal relations, the common-law rule in respect to competency remain, on grounds of public policy. *Lucas* v. *Brooks*, 18 Wall. 453; *Giddings* v. *Turgeon*, 58 Vt. 110, (4 Atl. 711.)

It is conceded that the unity of interest, so far as relates to property, has been done away with by statute. *Wilson* v. *Wilson*, 43 Minn. 400, (45 N. W. 710,) and the general disqualification to testify on the ground of interest is removed by 1878 G. S. ch. 73, § 7; but it is denied that the statute has removed the general incompetency growing out of the marriage relation. But the only limitation upon the competency of either is found in 1878 G. S. ch. 73, § 10, which provides that neither party shall be examined without the consent of the other. They are not thereby made incompetent witnesses, nor are they to be classed as such, though their right to be examined is contingent upon the consent of that one for or against whom the witness may be offered. It does not follow that a married person is incompetent to attest a will because the husband or wife of such person is a beneficiary under the will. He can only become incompetent in a single contingency, and that is, in case such interested party shall become a contestant on the subsequent probate of the will. If the latter be not a contesting party, he is in no position to raise the objection, and he may not choose to do it if he is; and if he be one of the proponents, he thereby consents to the testimony of the attesting witnesses. The contingency which would make him incompetent may never arise, and if it does, it must be deemed to arise subsequent to the act of attestation. In the case at bar, then, what evidence is there that the witness is incompetent? The wife is proponent, and offers to examine her husband as a witness. No question, therefore, in respect to his competency is raised. Incompetency in a witness is not presumed, and the question is to be determined when the offer to examine the witness is made, and then the facts are to be ascertained by the court. The witness is not shown to be incompetent

in this case, and his evidence on the probate of the will was properly received. In *Tillotson* v. *Prichard*, 60 Vt. 107, (14 Atl. 302,) it is held that the wife of the grantor in a Minnesota deed was a competent attesting witness thereto, under the provisions of the statute we have been considering, and the court say "that she was a competent witness, and might be examined with the consent of her husband." The Court also held, as we do, that the plaintiff, by offering the deed in evidence, consented to her being a witness.

2. The appellant also contends that if the husband be a competent witness, then the legacy to his wife should be held void under the statute which annuls beneficial devises, etc., to a subscribing witness on account of the marital relation. But there is nothing in this point. The husband has no direct or certain interest in the legacy to his wife. It is absolutely hers in her own right, and free from his control. 1878 G. S. ch. 69; *Wilson* v. *Wilson, supra.* The only devises or legacies which the statute annuls are those made to subscribing witnesses, which clearly does not apply to the husband or wife of the legatee.

In England, where husband and wife are competent witnesses, (Taylor, Ev. pp. 1145, 1147,) the statute has gone further, (1 Vict. ch. 26, § 15,) and also avoids gifts, legacies, and devises to the husband or wife of an attesting witness. It could not be done without the statute.

This legislation assumes both the competency of the witnesses and that they had no interest in the legacies which would have made the same void without the aid of legislation to that effect.

The construction we have adopted is in conformity with the spirit of modern legislation on the general subject of the rights of husband and wife, and the practical results will no doubt be no more serious than in the case of parents or children, who may unquestionably attest deeds and wills for each other. 1 Alb. Law J. 246.

It is a matter largely for the judgment of the legislature.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 219.)