## UNITED STATES v. ROBERTSON.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1910. Petition for Rehearing Overruled November 18, 1910.)

### No. 1,668.

1. APPEAL AND ERROR (§ 846*)—PRESENTATION OR RESERVATION OF GROUNDS OF REVIEW—ACTION TRIED TO COURT.

In an action at law in a federal court, tried to the court without a jury by stipulation, where the court made a finding of facts, but omitted to state its conclusions of law thereon, a motion by plaintiff that the court instruct itself as a jury to find the issues for plaintiff, and exceptions to the overruling of such motion, and to a finding of the issues for defendant, while irregular, was sufficient to present the issues of law arising on the facts found for review by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3347–3362; Dec. Dig. § 846.*]

2. INTERNAL REVENUE (§ 8*)—WAR REVENUE ACT—LEGACY TAXES.

Where on the death of the owner, title to his personal property passed to others under a prior instrument creating a joint tenancy therein, such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

title was not limited by a recital in the instrument of a purpose to devote the property to charitable uses, not made binding on the transferee, so as to bring the transfer within the proviso to section 29 of the War Revenue Act of June 13, 1898, c. 448, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), which excepts from the property thereby taxed "bequests or legacies for uses of a * * * charitable * * * character."

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*]

3. INTERNAL REVENUE (§ 8*)—WAR REVENUE ACT—LEGACY TAXES.

Under a written instrument creating a joint tenancy in personal property to be held share and share alike, the share of one dying to vest in the survivors, each held title to his own proportionate share until his death, and on that event the title to such share vested in his cotenants, and where such a death occurred while section 29 of the War Revenue Act of June 13, 1898, c. 448, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), was in force, the property transferred became subject to the legacy tax thereby imposed.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the United States against Ina Law Robertson. Judgment for defendant, and plaintiff brings error. Reversed.

Edwin W. Sims, U. S. Atty., and Elwood Godman and Seward S. Shirer, Asst. U. S. Attys.

Otto Gresham, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error sought to recover a judgment for a tax alleged to be due from defendant under section 29 of the Spanish War Revenue Act (Act June 13, 1898, c. 488, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307]). A jury was waived, the court made a special finding of facts, and from a judgment for defendant this writ of error is prosecuted.

Contention is made that plaintiff has failed to preserve any questions of law for review. When the "finding of facts" was made and filed, the court omitted to draw formally thereon any "conclusions of law." Thereupon plaintiff "moved the court sitting as a jury to instruct itself as a jury to find the issues in favor of plaintiff." This motion was overruled, and the court upon the special finding of facts found the issues for defendant, and entered judgment accordingly, to all of which plaintiff took exceptions. Granting that the method pursued was irregular, we think it clear that the court and the parties understood that the only issues remaining to be found were the issues of law arising from the application of the statute to the special finding of facts, and that the court and defendant were as fully apprised of plaintiff's objection and exception to the adverse ruling on the questions of law as if the court had formally stated its conclusions of law, and plaintiff had formally excepted thereto.

The part of the statute that applies to the special finding reads as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

" * * * Or any personal property or interest therein transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies politic or corporate, in trust or otherwise, shall be and hereby are made subject to a duty or tax to be paid to the United States as follows, that is to say: * * * Provided that nothing in this section shall be construed to apply to bequests or legacies for uses of a religious, literary, charitable or educational character."

The special finding shows that on May 4, 1897, James Law, Ellen Law, and defendant executed a contract, establishing a joint tenancy in certain personal property, under the following circumstances: James and Ellen, brother and sister, advanced in years, had long been receiving from their personal property incomes above their needs, and had been giving the excess to charitable uses. Several years prior to 1897 James and Ellen became deeply interested in defendant, a young woman devoted to education and charities. They desired that she should give up her position as teacher and associate herself with them in benevolent work. She agreed "on condition that the same (the Law estate) should be devoted to religious and benevolent uses," and put her money into the joint fund covered by the contract. The special finding also shows that after the execution of the contract the personal expenses of the parties thereto were paid from the income, and that some of the principal as well as the excess of income was distributed for benevolent purposes; that James died on March 11, 1899; and that since his death Ellen and defendant have continued the charitable use of the joint fund as aforesaid.

It is urged that defendant's increment by survivorship is not subject to the tax because the fund is held in trust for charitable uses. The oral negotiations and inducements became merged in the written contract. In that "it is agreed between the parties, each with the others, that all of the right, title, and interest of each in and to the above-mentioned property, whether now standing in the name of James or Ellen Law or Ina Law Robertson, shall be, from the execution of these presents, the joint property, share and share alike, of the three parties to this instrument, to be from thenceforth held and owned by them as joint tenants and not as tenants in common; and in case of the death of one his or her share shall pass to, be vested in, and become the property of the two survivors; and in case of the death of the second of such survivors, the whole property shall pass to, be vested in, and become the sole property of the last survivor." This grant or bargain left the parties in unconditional dominion of the fund as joint tenants. In one of the "whereas" inducements it is recited that James and Ellen "are desirous that said Ina Law Robertson shall become interested in said property (the Law estate), and ultimately relieve the said James Law from the care and management thereof when he shall so request her to do, and to that end that she shall be a joint owner thereof, so that, if she shall survive the said James and Ellen Law, they, having entire confidence in her, shall feel satisfied that their said property will be by her wisely managed, used, and employed." A preamble may sometimes be found an aid in interpretation, but it can never be used to create a limitation of a grant.

But this preamble even fails to express an intended limitation; it merely expresses the confidence of James and Ellen that defendant, if she shoud survive them, would continue to be disposed to devote to charity the excess above what she might care to spend for herself. And it may be further noted that the terms of the exception apply only to "bequests or legacies," not to grants, bargains, or sales.

So we come to the question: Did the title of defendant to one-half of the share that James Law possessed in his lifetime vest on the execution of the contract or did it vest only after the death of James Law? Defendant's insistence upon an affirmative answer to the first alternative comes, we believe, from a confusion of estates in entirety with estates in joint tenancy. Survivorship is a characteristic of both. In estates by the entirety the title of each is to the whole, and from this it inevitably follows that no adverse act of the one can destroy the right of survivorship in the other. When the one dies, the other takes nothing by a new title of survivorship; he merely ceases to divide the enjoyment of an estate of which he was completely seized by virtue of the creative instrument. 21 Cyc. 1198, 1199, title "Husband and Wife"; Freeman on Cotenancy (2d Ed.) §§ 63–76; Preston on Estates, p. 131. But in joint tenancy the title is to a share only. If, during the continuance of the joint tenancy, the one dies, the survivor comes into the whole. But since the creative instrument gave him title to his own share only, it follows that he acquires the other share by the new title of survivorship. And since the creative instrument confers upon the one only a title to his own share, he has no lawful basis for interposing obstacles to the other's enjoyment of his unconditional title to his share. Incidents of enjoyment of an unconditional title are sale, mortgage, lease, partition. So, if the one puts a stranger in his place, the original unities of title, of interest, of possession, of enjoyment, and of the right of survivorship in the possessors, are all destroyed. If survivorship occurs it is because the decedent failed to exercise his legal right of severance. If survivorship occurs, the survivor by the death of the other for the first time acquires a title and right of enjoyment in the decedent's share. 23 Cyc. 487, 488, title "Joint Tenancy"; Freeman on Cotenancy (2d Ed.) §§ 29–33, 194–196; Preston on Estates, pp. 136, 137; Co. Litt. § 292; 2 Bl. Com. p. *185; 4 Kent's Com. pp. *363, *364.

The constitutionality of the act was settled in Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969.

The judgment is reversed, with the direction to enter judgment in plaintiff's favor for the amount shown in the special finding, with costs and interest from the commencement of the action.