Myrtle M. Irvine, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 74612. Promulgated October 15, 1937.

*John L. Connolly, Esq.,* for the petitioner.
*Gerald W. Brooks, Esq.,* for the respondent.

### OPINION.

Smith: This proceeding involves a proposed assessment against the petitioner as transferee of assets of her deceased husband for income taxes of the decedent for the calendar year 1929 in the amount of $2,728.05, plus interest.

During 1929 the petitioner's husband, C. G. Irvine, a resident of Minneapolis, Minnesota, hereinafter referred to as the decedent, purchased from H. S. Byllesby & Co. a number of shares of stock in various corporations and had the stock certificates issued to himself and petitioner herein as "joint tenants with right of survivorship and not as tenants in common." On September 11, 1929, the decedent opened a trading account with the brokerage firm of Paine, Webber & Co., of Minneapolis, Minnesota, and from September 11, 1929, to January 28, 1930, he purchased through said brokers a number of shares of stock of various corporations, some of which were

deposited in the Paine, Webber & Co. account in the decedent's own name and some in the names of the decedent and the petitioner as joint tenants with the right of survivorship. The decedent withdrew several thousand dollars in cash from the account during that period.

On January 29, 1930, pursuant to the decedent's instructions, the account with Paine, Webber & Co. was changed to a joint account in the names of "C. G. Irvine & Mrs. Myrtle M. Irvine."

On January 29, 1930, the decedent owned the following property:

|  | Fair market value |
|---|---|
| Stocks held jointly | $33,989.75 |
| Stocks held in Paine, Webber account | 64,766.25 |
| Stocks held in own name and not in broker account | 17,250.00 |
| Bank balance | 945.06 |
|  | 116,951.06 |
| Less sum due Paine, Webber | 21,224.57 |
| Net balance | 95,726.49 |

On September 11, 1930, the decedent had a checking account at the Metropolitan National Bank with a credit balance of $3,991.59, which account on that date he had changed to a joint account for himself and the petitioner.

In June 1930 the decedent went to California for his health, suffering from what is commonly known as high blood pressure. He died on May 14, 1932. At the date of his death substantially all of his estate, which consisted principally of shares of stock, stood in his name and that of his wife, the petitioner, as joint tenants with right of survivorship, and not as tenants in common. The value of such jointly owned property at the date of death was in excess of $30,000. Likewise, the value at date of death of the portion of the jointly owned property transferred after 1929 was greatly in excess of the deficiency determined against the decedent for 1929. The value of all property other than the jointly owned property of the decedent at the date of his death was only $183.53. The petitioner admits a liability as a transferee of the assets of her husband in the amount of $183.53.

No cash consideration was ever paid to the decedent by petitioner in connection with any of the jointly owned property.

The decedent was survived by the petitioner herein and one daughter, Mrs. Brown. No probate proceedings were ever had in the settlement of his estate.

The shares of stock which were held by the decedent and the petitioner as joint tenants with right of survivorship at date of decedent's death were subsequently returned to the transfer agent and reissued in the petitioner's name.

In this proceeding petitioner alleges errors in the respondent's determination that she is liable for the deficiency in the decedent's income tax for 1929, as follows:

(1) That the assessment of the proposed deficiency against the petitioner is barred by the statute of limitations;

(2) That the petitioner is not a transferee of the assets of her deceased husband within the meaning of section 311 of the Revenue Act of 1928;

(3) That the decedent was solvent at the date of his death and well able to pay the deficiency out of his interest in the jointly owned property and that she acquired his interest in the jointly owned property by right of survivorship, freed from any debts owed by the decedent.

There is no merit in the petitioner's contention that the assessment of the proposed deficiency against her as transferee is barred by the statute of limitations. It may have been the intention of the petitioner to waive this allegation of error, although she has not expressly done so. She makes no reference to it in her brief and it is inconsistent with her admission that she is liable as a transferee to the extent of $183.53. In any event, the admitted facts do not support the contention. A deficiency notice was mailed to the estate of the decedent on August 1, 1932, which was within the time covered by a waiver filed by the decedent on February 16, 1932. The estate had 60 days within which to file a petition with the Board of Tax Appeals. Section 277 of the Revenue Act of 1928 provides for a further extension of 60 days. Under section 311 the respondent had one year from the expiration of the time within which the tax could be assessed or collected from the estate to send a notice of deficiency to a transferee. Notice was sent on November 7, 1933. This was within the time prescribed by the statute.

The second contention of the petitioner is that she is not a transferee of the assets of her deceased husband within the meaning of section 311 of the Revenue Act of 1928. She contends that the property held by her and her husband as joint tenants passed to her not as a surviving spouse and heir-at-law, but as the surviving cotenant under the joint tenancy, and therefore free of any claims of creditors of the deceased tenant.

The respondent contends that no joint tenancy was created by the transfers made by the decedent to himself and wife as joint tenants with right of survivorship, although he concedes that joint tenancies in their common law form may be created under Minnesota law in personal property. *Peterson* v. *Lake City Bank & Trust Co.* (Minn., 1930), 231 N. W. 794. He contends that a fee owner of property can not create a joint tenancy therein by transferring the property to himself and another as joint tenants with right of survivorship;

that in such a case a tenancy in common is created. He therefore contends that the petitioner, as the surviving tenant in common, is a transferee of her husband's interest in the joint tenancy. Anent this contention see *Edmonds* v. *Commissioner* (C. C. A., 9th Cir.), 90 Fed. (2d) 14.

It is not material in this proceeding, we think, whether the petitioner took the property in question as an heir, devisee, or beneficiary of the decedent, or whether she took it by right of survivorship under the joint tenancy. This proceeding is brought against the petitioner as transferee under section 311 of the Revenue Act of 1928, which provides in part as follows:

* * * The amounts of the following liabilities shall * * * be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title * * *

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title.

Subdivision (f) of the same section provides that: "* * * As used in this section, the term 'transferee' includes heir, legatee, devisee, and distributee."

In a joint tenancy the tenants hold separate and severable interests in the joint estate and "each is seized of an undivided moiety of the whole." *Wilson* v. *Wilson*, 43 Minn. 398; 45 N. W. 710. See also *Kissam* v. *McElligott*, 280 Fed. 212; *United States* v. *Robertson*, 183 Fed. 711.

Even if the petitioner had acquired, free of any tax liability of the decedent, a one-half interest in the joint property by virtue of the conveyance which the decedent made to her and himself as joint tenants prior to his death, which for reasons hereinafter stated we do not think was so, this was not true of the other one-half interest which the decedent continued to own up to the time of his death and which then passed to the petitioner. In *United States* v. *Robertson*, *supra*, the court said:

* * * Did the title of defendant to one-half of the share that James Law possessed in his lifetime vest on the execution of the contract or did it vest only after the death of James Law? Defendant's insistence upon an affirmative answer to the first alternative comes, we believe, from a confusion of estates in entirety with estates in joint tenancy. Survivorship is a characteristic of both. In estates by the entirety the title of each is to the whole, and from this it inevitably follows that no adverse act of the one can destroy the right of survivorship in the other. When the one dies, the other takes nothing by a new title of survivorship; he merely ceases to divide the enjoyment of an estate of which he was completely seized by virtue of the creative instrument. 21 Cyc. 1198, 1199, title "Husband and Wife"; Freeman on Cotenancy (2d Ed.) §§ 63–76; Preston on Estates, p. 131. But in joint tenancy the title is to a share only. If, during the continuance of the joint tenancy,

the one dies, the survivor comes into the whole. But since the creative instrument gave him title to his own share only, it follows that he acquires the other share by the new title of survivorship. * * * If survivorship occurs, the survivor by the death of the other for the first time ·acquires a title and right of enjoyment in the decedent's share. * * *

The stipulated facts show that the value of the one-half interest of the joint estate which the decedent owned at the time of his death was several times greater than the tax liability which the respondent has determined against him for the year 1929. This interest, we think, constituted "property of a taxpayer" within the meaning of section 311 in respect of which the transferee liability is imposed. One who takes by right of survivorship is as much a "transferee" as one who takes by inheritance.

The Supreme Court held in *Griswold* v. *Helvering*, 290 U. S. 56, that the interest of a deceased joint tenant in jointly owned property with right of survivorship is includable in the decedent's gross estate for the purpose of the estate tax. See also *Tyler* v. *United States*, 281 U. S. 497. The estate tax in those cases was imposed upon the *transfer* of the net estate. See section 401 of the Revenue Act of 1921. The statutes of Minnesota (Mason's Minnesota Statutes, 1927, vol. 3, ch. 11, sec. 2292) provide:

(6) Whenever any property, real or personal, is held in the joint names of two or more persons, or is deposited in banks or in other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the survivor or survivors, to the immediate ownership or possession and enjoyment of such property, shall be deemed a transfer and subject to the inheritance tax imposed by this act, except such part thereof as may be shown to have originally belonged to the survivor or survivors and never to have been received or acquired by them from the decedent for less than an adequate and full consideration in money or money's worth; in which case there shall be excepted only such part as is proportionate to the consideration furnished by the survivor or survivors. * * *

It follows, we think, that, if the passing at death of the interest of a tenant in a joint tenancy is a *transfer*, then the surviving tenant who receives it is a *transferee*. Such transferee may or may not be liable for the unpaid taxes of the deceased cotenant according to his "liability, at law or in equity."

There is no merit in the petitioner's contention that she took the decedent's interest in the joint tenancy free of any claim of the respondent for decedent's unpaid taxes. It is elementary in the application of the transferee provisions of the statute that, with certain exceptions not here material, the property left by a decedent is subject to the payment of his just debts, and that one who takes it without paying a money consideration therefor is liable in equity for the payment of the decedent's debts to the extent of the net value

of the property received. See *Crocker* v. *Commissioner*, 84 Fed. (2d) 64.

Our ruling in this case may seem at variance with the views expressed by the Board in *Jessie Smith, Executrix*, 24 B. T. A. 807, a case which the petitioner cites in this proceeding, but in any event that case involved a tenancy by the entirety, not a joint tenancy, and the cases are distinguishable on the grounds pointed out by the court in *United States* v. *Robertson, supra.*

In support of her contention that she received the interest of her deceased husband in the joint tenancy free of any of his liabilities, the petitioner cites 7 Ruling Case Law, pp. 811, 812, wherein it is stated: "And it [joint tenancy] passes to the last survivor free, and exempt from all charges made by the deceased cotenant." The courts held in the cases cited that title to the interest of a deceased tenant in a joint tenancy with survivorship passes directly to the surviving tenant and is not subject to administration as a part of the deceased tenant's estate. For this reason such interest may not be disposed of by will of the deceased tenant or appropriated for payment of his debts by his administrators or executors.

The respondent here is not seeking to recover the taxes due from the deceased tenant from his estate but from his transferee, and it is not material whether the transferee received the property through the decedent's estate or directly from him. It is admitted that she received substantially all of the property in which the decedent owned any interest at the time of his death.

The transferee liability here asserted is for a tax deficiency of the transferor for the calendar year 1929. At the close of the year 1929 all of the events had occurred which fixed the amount of the tax for that year and determined the taxpayer's liability to pay it. *United States* v. *Anderson*, 269 U. S. 422. After December 31, 1929, the taxpayer transferred to the joint tenancy, without any money consideration from the other tenant, substantially all of his property, which at the time of his death had a value many times greater than his tax liability for that year. We think that this transfer rendered the cotenant, the petitioner, liable as transferee for the transferor's 1929 taxes to the extent of the value of the interest which was thereby transferred to her. Cf. *United States* v. *Anderson, supra; Margaret Wilson Baker*, 30 B. T. A. 188. In the latter case, where we were considering the liability of a transferee for the taxes of a transferor for the years 1927 and 1928, we said:

* * * Such additional taxes were due and owing at the close of the years 1927 and 1928 prior to the time the transfers, except the one noted, were made. Such tax liabilities must be taken into consideration in determining transferee liability, even though unknown at the time the transfer of property is made. [Citing cases].

Since the value of the property transferred by the decedent to himself and the petitioner as joint tenants in 1930, after tax liability for 1929 had attached, was far in excess of the tax deficiency, and since there are no assets in the decedent's estate from which the tax deficiency can be collected, we hold that the petitioner is liable as transferee for the deficiency, together with interest as provided by law.

Reviewed by the Board.

*Judgment will be entered for the respondent.*