MARJORIE E. CONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Connell v. Commissioner
Docket No. 28893-88
United States Tax Court
T.C. Memo 1992-366; 1992 Tax Ct. Memo LEXIS 390; 63 T.C.M. (CCH) 3190; June 29, 1992, Filed *390 Decision will be entered for petitioner. In Estate of Killian v. Commissioner, T.C. Memo. 1987-365, the Court held that petitioner was an innocent spouse under section 6013(e). Respondent later determined that petitioner was liable for tax as a transferee of her deceased husband's estate. Sec. 6901. Petitioner received the homestead and other assets and liabilities as a result of her husband's death. Except for the homestead, the liabilities petitioner received as a result of her husband's death exceeded the assets. Held, petitioner's liability as a transferee is determined by Texas law. Commissioner v. Stern, 357 U.S. 39 (1958); Gumm v. Commissioner, 93 T.C. 475 (1989), affd. without published opinion 933 F.2d 1014 (9th Cir. 1991). Held further, under Texas law a homestead passes to a surviving spouse at a decedent's death outside probate by operation of law, and is exempt from sale to satisfy a decedent's debts, Tex. Const. art. 16, sec. 50; Tex. Prob. Code Ann. sec. 270 (West 1980), subject to exceptions not applicable here. Held further, petitioner is not liable as a transferee *391 with respect to the homestead. Charles Wist, for petitioner. David H. Peck, for respondent. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: Respondent determined that petitioner Marjorie E. Connell, formerly Killian, is liable as transferee of the Estate of Jerry Killian for 1981 income tax in the amount of $ 14,840.66, plus additions to tax for negligence under section 6653(a)(1) and (2) in the amounts of $ 742.03 and 50 percent of the interest due on $ 14,840.66, and increased interest under section 6621(c). The issue for decision is whether petitioner is liable for 1981 Federal income taxes of her deceased husband as a transferee of his estate. We apply Texas law in deciding whether petitioner is liable as a transferee under section 6901. Commissioner v. Stern, 357 U.S. 39 (1958). We hold that she is not liable as a transferee with respect to the homestead because, under Texas law, a homestead passes to a surviving spouse at a decedent's death outside probate by operation of law. Alonso v. Commissioner, 78 T.C. 577, 581 (1982). Unless otherwise indicated, all section references are to the Internal Revenue Code *392 in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner married Jerry Killian in 1967, and was married to him until his death in 1984. Petitioner and Jerry Killian lived at 15518 Banff, Houston, Texas, in 1981. Petitioner lived at that address when she filed her petition in this case and at all times relevant here. Petitioner and Jerry Killian (collectively the Killians) filed a joint Federal income tax return for 1981. The Killians acquired a community property interest in Sytel Traders, Ltd. through the purchase of stock in Government Trading Corp. CXLIV, which allegedly entered into a series of transactions with the Sytel Group. Based on these alleged transactions, Government Trading Corp. CXLIV passed through an alleged net operating loss of $ 36,396 which was claimed on the Killians' 1981 joint Federal income tax return and later disallowed by respondent. Jerry Killian died testate on March 27, 1984. His will was admitted to probate on July 10, 1984, by the Probate Court for Harris County, Texas. Petitioner was the sole beneficiary *393 under his will. She received all of his property through a muniment of title probate proceeding on July 10, 1984. In 1984, all of the assets from Jerry Killian's estate (the estate) were transferred to petitioner, which rendered the estate without assets to pay the deficiency, additions to tax, and increased interest for 1981. The net value of assets received by petitioner from the estate was $ 27,264.07. On March 28, 1985, respondent mailed a notice of deficiency to the Killians. In it, respondent determined a deficiency in income tax for 1981 in the amount of $ 14,840.66, additions to tax for negligence under section 6653(a)(1) and (2) in the amounts of $ 742.03 and 50 percent of the interest due on $ 14,840.66, and increased interest under section 6621(c), formerly 6621(d). On June 5, 1985, respondent mailed to the Estate of Jerry Killian and petitioner a notice of deficiency in which respondent determined that there was due from petitioner and the estate a deficiency in income tax of $ 4,889 for 1983. On July 1 and August 5, 1985, the Estate of Jerry Killian, Marjorie E. Connell, Executrix, and petitioner filed petitions (docket Nos. 21544-85 and 29841-85) seeking a redetermination *394 of the deficiency, additions to tax, and increased interest determined by the March 28 and June 5, 1985, notices of deficiency. The Court consolidated these cases for trial, briefing, and opinion. In the opinion in that case, this Court held that petitioner qualified as an innocent spouse under section 6013(e), thereby relieving her of liability for the deficiency, additions to tax, and increased interest for 1981. Estate of Killian v. Commissioner, T.C. Memo. 1987-365. Neither party appealed the Court's decision. A Rule 155 computation was filed with the Court on November 20, 1987. In it, the parties agreed that petitioner was not personally liable for the deficiency, additions to tax, and increased interest for 1981, and that the Estate of Jerry Killian was liable for the full deficiency, additions to tax, and increased interest for 1981. Petitioner received a $ 1,306 refund for 1983 per the agreed settlement in docket No. 29841-85. The net value of Jerry Killian's estate at the time of his death was $ 58,622. Petitioner paid funeral expenses ($ 3,352.93) and liabilities ($ 8,213) of Jerry Killian with assets received from the estate. After petitioner's *395 community interest of $ 29,311 was subtracted from the net value of Jerry Killian's assets, the estate transferred assets with a net value of $ 27,264.07 to petitioner, computed as follows: ASSETS:
House at 15518 Banff
$ 85,000 Less selling expenses [1]
(6,800)
Less first lien
(19,905)
$ 58,295   Two Wood Creek lots
$   8,000 Less first lien
(11,556)
(3,556)  Automobiles - per inventory
$   6,750 Cash - per inventory
5,346 TOTAL ASSETS:
$ 66,835   LIABILITIES:
Real estate taxes
$  1,472 Credit cards
2,634 First City loan
4,107 TOTAL LIABILITIES:
( 8,213)  NET VALUE OF ASSETS
$ 58,622   Less Marjorie E. Killian's
(29,311)  community interest
Value of transferred assets
$ 29,311   Refund/overpayment from
settlement of Tax Court
docket No. 29841-85
1,306   $ 30,617.00 Funeral expenses
(3,352.93)
Net value of transferred assets
$ 27,264.07 *396 One-half of the net value of the house at 15518 Banff is$ 29,147.50. The statutory notice of transferee liability was timely mailed to petitioner on September 29, 1988. The statutory notice of transferee liability was issued before the period for assessment for 1981 provided by section 6901 expired, and thus the issuance of the notice of transferee liability is not barred by the statute of limitations. OPINION The issue for decision is whether petitioner is subject to transferee liability for the 1981 income taxes of her deceased husband. Section 6901(a) authorizes the assessment of transferee liability, at law or in equity, in the same manner as the liability for income taxes. Mysse v. Commissioner, 57 T.C. 680, 700 (1972). Section 6901(a) does not create transferee liability; it merely provides a secondary method for enforcing the existing liability of the transferor. Commissioner v. Stern, 357 U.S. 39, 42 (1958); Mysee v. Commissioner, supra at 700-701. The existence and extent of the liability of the transferee is determined under State law. Commissioner v. Stern, supra at 45; Berliant v. Commissioner, 729 F.2d 496, 499 (7th Cir. 1984), *397 affg. Magill v. Commissioner, T.C. Memo. 1982-148; Gumm v. Commissioner, 93 T.C. 475, 479 (1989), affd. without published opinion 933 F.2d 1014 (9th Cir. 1991). The Supreme Court in Commissioner v. Stern, supra at 44-45, explained the use of State law to determine transferee liability as follows: since section 311 [the predecessor to section 6901] is purely a procedural statute we must look to other sources for definition of the substantive liability. Since no federal statute defines such liability, we are left with a choice between federal decisional law and state law for its definition. * * * Since Congress has not manifested a desire for uniformity of liability, we think that the creation of a federal decisional law would be inappropriate in these cases. In diversity cases, the federal courts must now apply state decisional law in defining state-created rights, obligations, and liabilities. [Citation omittted.] They would, of course, do so in diversity actions brought by private creditors. Since the federal courts no longer formulate a body of decisional law for the larger field of creditors' *398 rights in diversity cases, any such effort for the small field of actions by the Government as a creditor would be necessarily episodic. That effort is plainly not justified when there exists a flexible body of pertinent state law continuously being adapted to changing circumstances affecting all creditors. Accordingly, we hold that, until Congress speaks to the contrary, the existence and extent of liability should be determined by state law. a. Burden of Proof
Respondent bears the burden of proving that the procedural requirements of section 6901(a) are met and that the transferee is liable as a transferee under State law or equity, but not of showing that the transferor is liable for the tax. Sec. 6902(a); Rule 142(d); Gumm v. Commissioner, supra at 479-480. Accordingly, in addition to establishing that the transferee is liable as a transferee under State law, Commissioner v. Stern, supra, respondent must prove the following: (1) That the alleged transferee received property of the transferor; (2) that the transfer was made without consideration or for less than adequate consideration; (3) that the transfer was made *399 during or after the period for which the tax liability of the transferor accrued; (4) that the transferor was insolvent prior to or because of the transfer of property or that the transfer of property was one of a series of distributions of property that resulted in the insolvency of the transferor; (5) that all reasonable efforts to collect from the transferor were made and that further collection efforts would be futile; and (6) the value of the transferred property (which determines the limit of the transferee's liability). [Gumm v. Commissioner, supra at 480; citations omitted.] If liable as a transferee, petitioner would only be liable up to the value of the assets she received from the estate. Gumm v. Commissioner, supra at 480. b. Fraudulent Conveyances
Respondent concedes that respondent could not impose transferee liability on petitioner as a transferee of the estate because she received the homestead property outside of the estate, and the net value of the property she received from the estate was less than zero. Respondent maintains that petitioner is liable as a transferee because she received property directly *400 from Jerry Killian without consideration, and the transferor was left without assets to pay Jerry Killian's 1981 income tax liability. Sec. 6901(h). [2]
Section 318 of the Texas Probate Code (Tex. Prob. Code Ann. sec. 318 (West 1980)) [3] and former sections 24.02 and 24.03 of the Texas Business and Commerce Code (Tex. Bus. & Com. Code Ann. secs. 24.02, 24.03 (West 1968)) allows a creditor to attack a debtor's transfer of property if the transfer was intended to delay, hinder, or defraud any creditor, or if it was made without fair consideration unless it left the debtor with enough property, excluding the property transferred, to pay his debts. Texas Bus. & Com. Code Ann. secs. 24.02, 24.03 (West 1968). *401 Section 24.03 of the Texas Business and Commerce Code (Tex. Bus. & Com. Code Ann. sec. 24.03 (West 1968)) (as in effect at the time of the transfer) provides: Sec. 24.03Debtor's Transfer Not for Value Is Void
(a) A transfer by a debtor is void with respect to an existing creditor of the debtor if the transfer is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property in this state subject to execution to pay all of his existing debts. (b) Subsection (a) of this section does not void a transfer with respect to a subsequent creditor of or purchaser from the debtor. Section 24.03 voids a gratuitous transfer of property as to an existing creditor unless at the time of the transfer the debtor has enough property in Texas subject to execution to pay all his existing debts. Pope Photo Records, Inc. v. Malone, 539 S.W.2d 224, 226 (Tex. Civ. App. 1976). Under section 24.03, actual intent to defraud creditors is not necessary to render a voluntary conveyance void as to the creditors. Thus, respondent claims that the gratuitous transfer of the homestead to petitioner is void as *402 to respondent, an existing creditor, under section 24.03(a). c. Texas Homestead Provision
Article 16, section 50, of the Texas Constitution provides: Sec. 50. The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon * * *. Section 270 of the Texas Probate Code (Tex. Prob. Code Ann. sec. 270 (West 1980)) [4] provides that: "The homestead shall not be liable for the payment of any of the debts of the estate, except for the purchase money thereof, the taxes due thereon, or work and material used in constructing improvements thereon". The exception for taxes applies to property taxes on the homestead, Clark v. Puls, 192 S.W.2d 905, 908, 910 (Tex. Civ. App. 1946), *403 and to estate taxes on the estate, Thompson v. Thompson, 149 Tex. 632, 236 S.W.2d 779 (1951). Respondent does not contend that it applies to income taxes on the decedent. See Franklin v. Woods, 598 S.W.2d 946 (Tex. Civ. App. 1980); Clark v. Puls, supra.
Jointly owned assets passing directly to a decedent's spouse and not subject to claims of decedent's creditors under State law are not subject to transferee liability under section 6901. Tooley v. Commissioner, 121 F.2d 350 (9th Cir. 1941), revg. Estate of Botts v. Commissioner, 42 B.T.A. 977 (1940); Irvine v. Helvering, 99 F.2d 265 (8th Cir. 1938), revg. 36 B.T.A. 653 (1937); Alonso v. Commissioner, 78 T.C. 577, 580-581 (1982); Smith v. Commissioner, 24 B.T.A. 807 (1931); Rev. Rul. 78-299, 1978-2 C.B. 304. Here, the parties agree that the homestead property passed to petitioner on her husband's death, and was not subject to probate. In Texas, the homestead right constitutes an estate in land. Woods v. Alvarado State Bank, 118 Tex. 586, 593-94, 19 S.W.2d 35, 37-38 (1929). *404 This estate is analogous to a life tenancy, with the holder of the homestead right (the surviving spouse) possessing rights similar to those of a life tenant as long as the property retains its homestead character. Fiew v. Qualtrough, 624 S.W.2d 335, 337 (Tex. Ct. App. 1981); Sparks v. Robertson, 203 S.W.2d 622, 623 (Tex. Civ. App. 1947). Although the homestead estate is not identical to a life estate because one's homestead rights can be lost through abandonment, the rights accorded by the homestead laws vest independently in each spouse regardless of whether one spouse, or both, actually owns the fee interest in the homestead. Thus, * * * it may be said that the homestead laws have the effect of reducing that underlying ownership rights in a homestead property to something akin to remainder interests and vesting in each spouse an interest akin to an undivided life estate in the property. United States v. Rodgers, 461 U.S. 677, 685-686 (1983). Petitioner's homestead rights in this case arose when she and her husband acquired the homestead property, which was before 1981. Respondent became a creditor of Jerry *405 Killian for his 1981 tax liability on December 31, 1981. The homestead was a jointly owned asset which passed directly to petitioner on her husband's death and was not subject to the claims of her husband's creditors. Tex. Const. art. 16, sec. 50; Tex. Prob. Code Ann. sec. 270 (West 1980). Thus, we hold that petitioner is not liable as a transferee with respect to the homestead because a creditor of petitioner's husband, under Texas law, could not have levied on the homestead either before or after Mr. Killian's death. Alonso v. Commissioner, supra at 581; Smith v. Commissioner, 24 B.T.A. 807 (1931). Accordingly, Decision will be entered for petitioner. Footnotes
1. We note that petitioner resided at 15518 Banff when she filed her petition. The parties stipulated that there were selling expenses of $ 6,800, but the record contains no explanation to which property they relate.↩
2. Sec. 6901(h) provides: SEC. 6901(h)↩. Definition of Transferee. -- As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee, and with respect to estate taxes, also includes any person who, under section 6324(a)(2), is personally liable for any part of such tax.
3. Sec. 318 of the Texas Probate Code provides: No claim for money against his testator or intestate shall be allowed by an executor or administrator and no suit shall be instituted against him on any such claim, after an order for partition and distribution has been made; but, after such an order has been made, the owner of any claim not barred by the laws of limitation shall have his action thereon against the heirs, devisees, or legatees of the estate, limited to the value of the property received by them in such partition and distribution. Sec. 318 gives a creditor a right to make claims against heirs for debts of decedent. See Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 161-162 (1945) (discussing the predecessor to sec. 318). Respondent acknowledges that petitioner is not liable as a transferee of her husband's estate under sec. 318↩ because the net value of the property she received from the estate was less than zero.
4. See generally Brewer, "Relative Rights of Heirs and Unsecured Creditors to a Decedent's Homestead in Texas", 13 Tex. L. Rev. 423↩ (1935).